UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IN RE:

MARK EUGENE SIRMANS
TAMMY LYNN SIRMANS,

        NO. CIV. S-08-2223 LKK

    Debtors.
_____/

WESTERN WOOD FABRICATORS,
INC.,                               O R D E R

    Appellant,

  v.

MARK EUGENE SIRMANS
TAMMY LYNN SIRMANS,

    Appellees.
_____/

    This case appears before the court on appeal from an order of the Bankruptcy Court. Appellant Western Wood Fabricators, Inc., has appealed the Bankruptcy Court's order denying it an extension of time to file an complaint objecting to the dischargeability of appellees Mark and Tammy Sirmans unsecured debt. The court resolves the appeal on the papers. For the reasons stated herein, the

Bankruptcy Court's order is affirmed.

## I. BACKGROUND[1]

Appellees filed a Chapter 7 Bankruptcy petition in the Bankruptcy Court of this district on March 21, 2008. On March 26, 2008, the Bankruptcy Court issued a Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines, which provided that the deadline of June 30, 2008 for filing a complaint objecting to the discharge of the debtor or to determine the dischargeability of certain debts. On June 30, 2008, appellant filed a request for an extension of time to file a complaint for the purpose of conducting discovery in an assertedly related case in state court and to examine the debtor. Appellees opposed the request and the Bankruptcy Court heard argument on August 29 and September 8, 2008.

At the second hearing, the court denied the motion for an extension. The court found that appellant's failure to pursue discovery in the bankruptcy case did not constitute grounds for an extension of time to file a complaint, notwithstanding appellant's representations that appellee had not been forthcoming with discovery in the purportedly related state case. See Appellant's Opening Brief, Ex. 32 (RT at 12:3-15:18). The court explained,
////

---

[1] Appellant requests the court take judicial notice of a later-filed bankruptcy case purportedly involving the same debtors. The court may take judicial notice of adjudicative facts, which are facts relevant to the adjudication of the case. See Fed. R. Evid. 201 & Advisory Committee Note to 1972 Proposed Rules. Here, the documents which appellant seeks to have noticed are not relevant to the disposition of the instant matter and therefore the court denies appellant's request.

2

> I'm reluctant not to give more time where more time is due. I can probably count motions on one hand in 15 years that I've denied, but, you know, to me there was clear notice that there was going to be a problem [in obtaining discovery] in this case before the case was even filed and nothing was done other than go to the first meeting. So, and it just doesn't sound like a case that warrants a further extension.

Id. at 9:25-10:8. The court confirmed its ruling by minute order issued September 9, 2008. It is from this order than Western Wood appeals.

## II. STANDARD OF REVIEW

The court reviews the Bankruptcy Court's denial of an extension of time for abuse of discretion. Khachikyan v. Hahn, 335 B.R. 121, 125 (B.A.P. 9th Cir. 2005). "An abuse of discretion may be based on an incorrect legal standard, or a clearly erroneous view of the facts, or a ruling that leaves the reviewing court with a definite and firm conviction that there has been a clear error of judgment." Id., citing SEC v. Coldicutt, 258 F.3d 939, 941 (9th Cir. 2001) and Ho v. Dowell (In re Ho), 274 B.R. 867, 871 (B.A.P. 9th Cir. 2002).

## III. ANALYSIS

Appellant contends that the Bankruptcy Court abused its discretion by failing to apply the correct legal standard in ruling on appellant's motion and because the Bankruptcy Court's order was contrary to the weight of the evidence presented. The court does not agree.

Under Federal Rule of Bankruptcy Procedure 4007(c), a complaint to determine the dischargeability of a debt must be filed

3

not later than sixty days from the first date set for the meeting of the creditors, per 11 U.S.C. § 341. This deadline may be extended "for cause." Fed. R. Bank. Proc. 4007(c).

Appellant argues that the Bankruptcy Court erred in failing to interpret "for cause" under the standard set forth in <u>In re Magouirk</u>, 693 F.2d 948, 951 (9th Cir. 1982). In <u>Magouirk</u>, the court considered whether an extension of time to file a complaint was warranted under *former* Rule 404(c). <u>Id.</u> at 950. Under that rule and the Court of Appeals' interpretation of it, the Bankruptcy Court had "ample discretion" to grant an extension of time for "excusable neglect." <u>Id.</u> (citations omitted). The <u>Magouirk</u> court then set forth several factors that should be considered in determining whether the movant had met this standard. <u>Id.</u> at 951.

The obvious flaw in appellant's argument is that <u>Magouirk</u>'s holding has been superceded by the enactment of the new Federal Rules of Bankruptcy Procedure, effective August 1, 1983. <u>See Ginsberg and Martin on Bankruptcy</u> 1-68 (2001 Supplement). Under the new Rules, when a Rule of Bankruptcy Procedure contains a time limitation, that limit may not be extended for "excusable neglect." <u>In re De la Cruz</u>, 176 B.R. 19, 24-25 (B.A.P. 9th Cir. 1994), citing <u>Pioneer Inv. Servs., Inc. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380, 389 n. 4 (1993). For this reason, the Court of Appeals has expressly held that <u>Magouirk</u> is inapplicable to analysis of whether an extension of time is proper under Rule 4007(c). <u>See id.</u>; <u>In re (Donald D.) Rhodes</u>, 71 B.R. 206 (B.A.P. 9th Cir. 1987); <u>In re (Herbert B.) Rhodes</u>, 61, B.R. 626 (B.A.P. 9th Cir. 1986).

4

Plainly, therefore, the Bankruptcy Court did not err in failing to apply <u>Magouirk</u> when resolving appellant's motion.

The Bankruptcy Court also did not abuse its discretion by failing to grant appellant's motion for an extension of time based on a "clearly erroneous view of the facts." <u>See</u> <u>Khachikyan</u>, 335 B.R. at 125. Although the court is aware of no published Court of Appeals cases setting forth what constitutes "cause" for extension of the deadline to file a complaint under Rule 4007(c), other authority indicates that this is a stringent standard to meet. First, the Court of Appeals has recognized generally that the deadlines provided in the Rules exist to "further the prompt resolution of bankruptcies" and thus extensions may only be given in narrow circumstances. <u>In re Hill</u>, 811 F.2d 484, 487 (9th Cir. 1987); <u>see also</u> Fed. R. Bank. Proc. 9006, Advisory Committee Note (rules serve the "interest of prompt administration of bankruptcy cases").

Second, in cases where the purported creditor seeks to have the court consider a late-filed complaint under Rule 4007(c), the Court of Appeals has held that doing so is only proper upon a showing of "extraordinary circumstances," which only exist where the court has explicitly misled a party as to the deadline. <u>In re Marino</u>, 37 F.3d 1354 (9th Cir. 1994); <u>In re Kennerly</u>, 995 F.2d 145, 147-48 (9th Cir. 1993); <u>In re Slimick</u>, 928 F.2d 310 (9th Cir. 1990); <u>In re Brown</u>, 102 B.R. 187 (B.A.P. 9th Cir. 1989). Although the Bankruptcy Court here was confronted with a motion for an extension of time rather than a motion to consider an untimely

complaint, the narrowness of the rule governing the latter suggests that extensions may not be as liberally granted as appellant contends.

Finally, other courts that have analyzed the "for cause" standard of Rule 4007(c) when considering a motion for an extension of time to file a complaint have weighed some of the same facts that the Bankruptcy Court considered in this case. In In re McCormack, 224 B.R. 203 (D. Conn. 2004), the court concluded that there was cause for an extension where the creditor had not been able to obtain discovery due in part to the debtor's counsel's non-responsiveness. See also In re Schultz, 134 B.R. 604 (E.D. Mich. 1991) (debtor's counsel's responsiveness to discovery relevant for determining whether cause existed for an extension under Rule 4007(c)). Comparatively, courts have also held that the creditor's counsel's failure to diligently pursue discovery was grounds to deny the motion for an extension. In re Dekelata, 149 B.R. 115 (E.D. Mich. 1993); cf. In re Jones, 91 I.B.C.R. 86, 87 (D. Idaho 1991) ("[W]hen a creditor defers filing a complaint or a motion to extend the filing deadline until nearly the last available day under the Rules, the Court is without discretion, and perhaps should be without sympathy, when the last minute plans prove ineffective.").

Here, the Bankruptcy Court weighed similar considerations. It acknowledged that the appellant had experienced difficulty in state court in obtaining discovery from the debtor, but concluded that this did not justify appellant's failure to pursue any discovery

whatsoever in the bankruptcy case or to file a complaint based upon information appellant already had. See Appellant's Ex. 32 (RT at 5:25-6:6). The court observed that there was no evidence that the debtor was unresponsive to discovery requests in the bankruptcy case and that "quite frankly, a lot of people who file bankruptcy have not been the most forthcoming in state court because they can't afford to litigate in state court. . . ." Id. at 6:15-17. The court also reasoned that even if the debtor had been unresponsive in state court, appellant had not demonstrated that an extension of time to file its complaint would have remedied appellant's asserted problems in obtaining discovery. Id. at 7:17-8:1. These considerations do not appear clearly erroneous in light of other courts' considerations of the "for cause" standard, as well as the Court of Appeals' strict interpretation of the deadlines set forth in the Rules. The court's ruling is therefore affirmed.

## IV. CONCLUSION

For the reasons stated herein, the Bankruptcy Court's September 9, 2008 order is AFFIRMED.

IT IS SO ORDERED.

DATED: May 21, 2009.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT